**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carlos Humberto Diaz, | ) | No. CIV 06-1550-PHX-DGC (GEE) |
| Petitioner, | ) ) | **REPORT AND RECOMMENDATION** |
| vs. | ) ) | |
| Alberto Gonzales, et al., | ) ) | |
| Respondents. | ) ) ) ) | |

On June 16, 2006, the petitioner, Carlos Humberto Diaz, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2241. He argues his current detention while in removal proceedings is contrary to law. The respondent filed an answer, and Diaz filed a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for a Report and Recommendation.

The Magistrate Judge recommends that the District Court, after its independent review of the record, grant the petition. Diaz' current detention is not authorized by statute.

Summary of the Case

Diaz is a native and citizen of the Guatemala who entered the United States as an immigrant on October 10, 1965. (Respondents' answer, p. 2.) On March 23, 1988, he was convicted of Criminal Possession of Controlled Substance, phencyclidine, in violation of section 11377(a) of the California Health and Safety Code. *Id.*

The government issued an order to show cause on August 11, 1988. *Id.* Diaz was granted relief under the former Immigration and Nationality Act (INA) § 212(c). *Id.*

On November 3, 2003, Diaz was convicted of being under the influence of a controlled substance, cocaine, in violation of section 11550(a) of the California Health and Safety Code. *Id.*

On May 4, 2004, the Department of Homeland Security (DHS) issued Diaz a Notice to Appear charging him with removability because he was convicted of a controlled substance violation other than a single offense involving possession for one's own use of 30 grams or less of marijuana, pursuant to INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i)]. (Respondents' answer, p. 2.)  The DHS found Diaz was subject to mandatory detention. *Id.*, p. 3.

At the removal hearing, Diaz admitted the factual allegations, conceded removablity as charged, but expressed fear of harm should he be removed to Guatemala.  *Id.*, p. 3.   The Immigration Judge (IJ) allowed Diaz to file an application for asylum.  *Id.*

On July 26, 2004, the IJ denied Diaz' applications for asylum, withholding of removal, withholding under the Convention Against Torture, and voluntary departure. *Id.*  The IJ ordered Diaz removed to Guatemala.  *Id.*

Diaz appealed to the Board of Immigration Appeals (BIA) which affirmed the decision of the IJ.  *Id.*  On February 19, 2005, Diaz filed a petition for review and stay of removal with the Ninth Circuit.  *Id.*, p. 3.

In June of 2005, the Bureau of Immigration and Customs Enforcement conducted a custody review and decided to continue Diaz' detention.  *Id.*, p. 4.

On June 16, 2006, Diaz filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  He argues his current detention while in removal proceedings is contrary to law.

In June of 2006, the Bureau of Immigration and Customs Enforcement conducted a custody review and decided to continue Diaz' detention.  *Id.*, p. 4.

On December 13, 2006, the Ninth Circuit denied Diaz' petition for review. *Id.*, p. 4. On January 16, 2007, Diaz filed a petition for rehearing. [USCA9 docket, 05-70950]

Discussion

Alien detention and removal is governed by a multi-layered statutory scheme. *See* 8 U.S.C. §§ 1226, 1226b, 1231, 1537. The two main statutory provisions are sections 1226 and 1231 [INA §§ 236, 241]. Ordinarily, section 1226 governs the initial apprehension and detention of aliens to determine whether they should be removed from the United States. Section 1226(c) requires the detention of certain classes of aliens, notably those aliens who have been convicted of certain specific offenses. *See* 8 U.S.C. § 1226(c)(1)(B).

If the alien is determined to be "removable," section 1231 governs the detention, release, and removal of the alien. Section 1231(a)(2) authorizes the detention of the alien during the 90-day "removal period" which the statute assumes will be adequate in most circumstances to complete the removal. Detention past the 90-day limit may be allowed if the alien fails to make a good faith effort to obtain the necessary travel documents.

This "removal period" ordinarily begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). If the alien files an appeal and the court of appeals orders a stay of removal, the removal period begins on "the date of the court's final order." 8 U.S.C. § 1231(a)(1)(B)(ii).

In this case, Diaz argues his detention is not authorized by law. He is correct. The government is holding Diaz pursuant to section 1226. This section, however, only authorizes detention during an "expedited" removal period. *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005); *See also Demore v. Kim*, 538 U.S. 510, 529 (2003) ("The Executive Office for Immigration Review has calculated that, in 85% of the cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days."). It does not authorize extended periods of detention. *Tijani*, 430 F.3d at 1242 (Detention for two years and eight months was not authorized by section 1226(c).).

1    Diaz was taken into custody on May 4, 2004.  (Respondents' answer, p.2.)  He has been

2    detained for approximately two years and nine months.  His continued detention is not

3    authorized by statute.  *See Tijani*, 430 F.3d at 1242.

4    The government argues *Tijani* should be distinguished because the petitioner in that case

5    contested his removal, but here, "Petitioner admitted and conceded the allegations and charges."

6    The government is factually correct, but it draws an incorrect conclusion.

7    Diaz concedes the alleged prior conviction.  Nevertheless, he argues this conviction is

8    not an aggravated felony.  *Diaz v. Gonzales*, 2006 WL 3699529 (9th Cir. 2006)  (unpublished).

9    He further argues he should have been granted asylum, withholding of removal, or protection

10   under the Convention Against Torture (CAT).  *Id.*  He *does* contest his removal, contrary to the

11   government's implication.

12   The government further argues Diaz' detention is proper because it has been prolonged

13   by his own litigation citing *Doherty v. Thornburg*, 943 F.2d 204, 211 (2nd Cir. 1991).

14   In *Doherty*, the Second Circuit held that an eight year detention prior to deportation was

15   justified in part because the petitioner's extended detention was caused by his own litigation.

16   *Doherty*, 943 F.2d at 212.  The court noted that "from the outset of his detention, Doherty has

17   possessed, in effect, the key that unlocks his prison cell . . . if Doherty had agreed to deportation

18   in the first place, he would not have been detained at MCC for the past eight years."  *Id.*

19   The Second Circuit's reasoning in *Doherty*, however, is inconsistent with the holding in

20   *Tijani.  See Tijani*, 430 F.3d at 1242.   In the latter case, the Ninth Circuit held a detention of

21   two years and eight months was not permissible under section 1226 even though the majority

22   of that detention occurred because of the petitioner's attempts to avoid removal.  *Id.*  This court

23   is obligated to follow *Tijani*.

24

25   Recommendation

26   The Magistrate Judge recommends that the District Court, after its independent review

27   of the record, grant the Petition for Writ of Habeas Corpus filed on  June 16, 2006, "unless the

28   government within 60 days [of the District Court's order] provides a hearing to [Diaz] before

1  an Immigration Judge with the power to grant him bail unless the government establishes that

2  he is a flight risk or will be a danger to the community." *Tijani*, 430 F.3d at 1242.

3       Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within

4  10 days of being served with a copy of this Report and Recommendation.  If objections are not

5  timely filed, the party's right to de novo review may be waived.  *See United States v. Reyna-*

6  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

7       The Clerk is directed to send a copy of this Report and Recommendation to the petitioner

8  and the respondents.

9

10       DATED this 5th day of March, 2007.

11

12

13

14  _____

15       Glenda E. Edmonds
United States Magistrate Judge