**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Humberto Diaz,  )  | No. CV-06-1550-PHX-DGC |
| Plaintiff,  )  | **ORDER** |
| vs.  )  | |
| Alberto Gonzales, et al.,  )  | |
| Defendant.  )  | |

Pending before the Court are Petitioner Carlos Humberto Diaz's petition for writ of habeas corpus and United States Magistrate Judge Glenda E. Edmonds' Report and Recommendation ("R&R"). Dkt. ##1, 17. The R&R recommends that the Court grant the petition because under *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), Petitioner has been detained beyond the expedited removal period authorized by 8 U.S.C. § 1226. Dkt. #17 at 3. For reasons stated below, the Court will reject the R&R and deny the petition.

**I.     Background.**

Petitioner, a native of Guatemala and a United States resident since 1965, was placed in custody on May 4, 2004 upon being charged with removability under 8 U.S.C. § 1227 (a)(2)(B)(i) for conviction of a controlled substance offense. Dkt. #17 at 1-2. On July 26, 2004, the Immigration Judge ordered Petitioner removed to Guatemala, a decision that was affirmed by the Board of Immigration Appeals on January 26, 2005. Dkt. #11 at 3. The Ninth Circuit granted a stay of removal on September 22, 2005, and, after considering Petitioner's petition for review, denied review on December 13, 2006. *Diaz v. Gonzales* 05-

70950 (9th Cir. stay order filed Sept. 22, 2005); 204 Fed.Appx. 708, 709 (9th Cir. Dec. 13, 2006) (unpublished memorandum).  On April 2, 2007, the Ninth Circuit issued a mandate denying Petitioner's petition for rehearing.  *Id*. (9th Cir. mandate Apr. 2, 2007).

**II.     Discussion.**

The apprehension, detention, and release of aliens in pending administrative removal proceedings is governed by 8 U.S.C. § 1226.  After administrative removal proceedings have been completed, however, the detention and release of the alien are governed by 8 U.S.C. § 1231.  Section § 1231(a)(1) provides in relevant part:

> **(A) In general**
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
> **(B) Beginning of period**
>
> The removal period begins on the latest of the following:
> (i)  The date the order of removal becomes administratively final.
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

8 U.S.C. § 1231(a)(1).  Petitioner's removal period under this statute began on April 2, 2007, when the Ninth Circuit entered its final order in Petitioner's appeal.

Once the 90-day removal period begins, an alien is subject to mandatory detention until deported.  8 U.S.C. § 1231(a)(2).  Petitioner no longer has a habeas remedy available to him for unlawful detention during his removability proceedings.  Petitioner's habeas petition is therefore denied.

**IT IS ORDERED:**

1.     Magistrate Judge Edmonds' R&R (Dkt. #17) is **rejected**.

2.     Petitioner Diaz's petition for writ of habeas corpus (Dkt. #1) is **denied**.

1   DATED this 17th day of April, 2007.

_____
David G. Campbell
United States District Judge

- 3 -